# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>      Plaintiff,<br><br>  v.<br><br>MIMS, et al.,<br><br>      Defendants. | Case No. 1:26-cv-00310-KES-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

On January 15, 2026, Plaintiff Israel Maldonado Ramirez, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against "Mims", Governor Gavin Newsome, "Estevez", "Garza", and "Ted." (ECF No. 1.) Following litigation not relevant here, on February 9, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* with the notice that service would not be undertaken until the Court screened the complaint in due course. (ECF Nos. 3, 4.) The Court now undertakes its screening.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only

contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's complaint is sparse at times.  The Court makes every endeavor to quote or address everything contained therein.  For example, it appears that pages one through six are repetitions of who the defendants are in this action.  (ECF No. 1, pp. 1-6.)

Thereafter, Plaintiff alleges, "they took all my motion picture production and they threw it away and people donated money to me and they took (that) away bancing is included that they took five hundred billion $ and a million dollars and 4.5 trillion $ and paparas corpus credits from me."  (Id. at p. 7) (sic).  "Motion picture's and one million dollars production they took all my money that I had on Bank of America and paparas corpus regard everything or the same as

above." (Id.) (sic). "In 2019, I saduced Adriana Grande and she gave me a millon dollars and Gov. Newsome gave me the govermentce paparas corpus and the motion picture's I did for saduceing and killing people for no reason they gave me more." (Id.) (sic). "Garza took my paparas corpus and made it his Gov. Newsome killed paparas corpus and thew it away to people to have.  And and Ted and Estevez took my money from my banking that they donated from motion pictures and Newsome knows about it.  I want it back." (Id.) (sic).  Plaintiff alleges that "they ignored me everytime I wrote to them." (Id.) (sic).

For relief, Plaintiff states, "I have a motion picture that they want to keep and they keep every thing that they came with and the banking has everything and they took everything from me and I want it back.  They have to be punished to get incarcerated forever.  They killed me for it.  I don't have it to snow based on they took it from me and its net worth is one ! trillion $." (Id. at p. 8.)

### III.

### DISCUSSION

#### A.      Federal Rule of Civil Procedure 8

The Court finds that Plaintiff's allegations are rambling and at times conclusory.  In other words, instead of explaining to the Court of what happened—with sufficient identification of the who, what, where, when, and why—Plaintiff has made unsupported statements that have no apparent connection.  Nor has Plaintiff made any connection between his factual allegations to any legal claims.  Indeed, Plaintiff cites to no statute or common law to support a claim.  Though the Court must give every reasonable inference in favor of a plaintiff proceeding *pro se*, the Court finds that it cannot even construe a claim from the complaint.

Moreover, while Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible.  The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

/ / /

**B.      Subject-Matter Jurisdiction**

Related to the fact that the Court cannot construe a claim from Plaintiff's factual allegations, the Court is also unable to determine at this time whether it has subject-matter jurisdiction over the matter.   For Plaintiff's benefit, the Court discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).   Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

From the complaint, it is unclear what the basis is for subject-matter jurisdiction in the federal courts—namely, federal question jurisdiction or diversity jurisdiction.   Accordingly, the Court discusses this requirement for both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332. For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim— to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331.  Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest.  Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.

Finally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts.  It allows a federal court to hear a claim over which it does not have independent

subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3.      The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:    **March 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge