# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ, | Case No. 1:26-cv-00310-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| MIMS, et al., | |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

On January 15, 2026, Plaintiff Israel Maldonado Ramirez, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against "Mims," Governor Gavin Newsome, "Estevez," "Garza," and "Ted." (ECF No. 1.) As relevant here, on March 3, 2026, the Court screened the complaint and found that it failed to state a claim upon which relief may be granted, which subsequently led to a finding that the complaint also failed to allege lack of subject-matter jurisdiction. (ECF No. 5.) The Court gave Plaintiff 30 days to file an amended complaint to cure the identified deficiencies. (Id.) The time to file an amended complaint has passed, and Plaintiff has failed to file anything on the docket. Therefore, the Court will issue findings and recommendations recommending dismissal for failure to state a claim, lack of subject-matter jurisdiction, failure to prosecute, and failure to comply with a court order.

///

# I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

/ / /

/ / /

/ / /

2

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's complaint is sparse.  The Court makes every endeavor to quote or address everything contained therein.  For example, it appears that pages one through six are repetitions of who the defendants are in this action.  (ECF No. 1, pp. 1-6.)

Thereafter, Plaintiff alleges, "they took all my motion picture production and they threw it away and people donated money to me and they took (that) away bancing is included that they took five hundred billion $ and a million dollars and 4.5 trillion $ and paparas corpus credits from me."  (Id. at p. 7) (sic).  "Motion picture's and one million dollars production they took all my money that I had on Bank of America and paparas corpus regard everything or the same as above."  (Id.) (sic).  "In 2019, I saduced Adriana Grande and she gave me a millon dollars and Gov. Newsome gave me the govermentce paparas corpus and the motion picture's I did for saduceing and killing people for no reason they gave me more."  (Id.) (sic).  "Garza took my paparas corpus and made it his Gov. Newsome killed paparas corpus and thew it away to people to have.  And and Ted and Estevez took my money from my banking that they donated from motion pictures and Newsome knows about it.  I want it back."  (Id.) (sic).  Plaintiff alleges that "they ignored me everytime I wrote to them."  (Id.) (sic).

For relief, Plaintiff states, "I have a motion picture that they want to keep and they keep every thing that they came with and the banking has everything and they took everything from me and I want it back.  They have to be punished to get incarcerated forever.  They killed me for it.  I don't have it to snow based on they took it from me and its net worth is one ! trillion $."  (Id. at p. 8.)

## III.

## DISCUSSION

### A.    Federal Rule of Civil Procedure 8

The Court reiterates that it finds that Plaintiff's allegations are rambling and at times conclusory.  In other words, instead of explaining to the Court of what happened—with sufficient identification of the who, what, where, when, and why—Plaintiff has made

unsupported statements that have no apparent connection.  Nor has Plaintiff made any connection between his factual allegations to any legal claims.  Indeed, Plaintiff cites to no statute or common law to support a claim.  Though the Court must give every reasonable inference in favor of a plaintiff proceeding *pro se*, the Court finds that it cannot even construe a claim from the complaint.

Moreover, while Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible.  The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

### B.      Subject-Matter Jurisdiction

Related to the fact that the Court cannot construe a claim from Plaintiff's factual allegations, the Court is likewise unable to determine at this time whether it has subject-matter jurisdiction over the matter.  For Plaintiff's benefit, the Court discusses the subject-matter limitations in the federal district courts.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  See id.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

From the complaint, it is unclear what the basis is for subject-matter jurisdiction in the federal courts—namely, federal question jurisdiction or diversity jurisdiction.  Accordingly, the Court discusses this requirement for both.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332.

For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest. Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.

Finally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts. It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction.

Because the complaint is lacking in even suggesting a cause of action, the Court is unable to find that it has subject-matter jurisdiction over the matter.

**IV.**

**FAILURE TO PROSECUTE**

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order, and the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket;

(3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff has failed to respond to the Court's March 3, 2026 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The Court will recommend that the instant dismissal be a dismissal without prejudice, which addresses the fifth factor.

This case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in

accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for lack of subject-matter jurisdiction, failure to state a claim, failure to prosecute this action, and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge